UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON ISRAEL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-300 RM |
| ) | |
| CHARLES MILLER, *et al.*, ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

Aaron Israel, a prisoner confined at the Maximum Control Facility submitted an application to proceed without full prepayment of fees and costs pursuant to 28 U.S.C. § 1915(b). A prisoner may not "bring a civil action or appeal a judgment in a civil action under . . . (§ 1915) . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

Mr. Israel's commitment name is Aaron Isby, and Mr. Israel has filed complaints under the names Aaron Israel and Aaron Isby. The district court docket sheets from each of the six cases discussed in this memorandum identify the plaintiff, whether going by the name Aaron Isby or Aaron Israel, as having Indiana Department of Correction prisoner identification number 892219.

The records of the United States District Court for the Northern District of Indiana establish that the disposition of one case filed by Israel qualifies as a "strike" withing the meaning of § 1915(g):

>(1) <u>Aaron Israel v. Edward Cohn</u>, 3:00-cv-153, dismissed for failure to state a claim upon which relief can be granted on April 19, 2000.

The records of the United States District Court for the Southern District of Indiana establish that the disposition of five cases filed by Mr. Israel qualify as "strikes" within the meaning of §1915(g):

>(2) <u>Aaron Isby v. Susan K. Carpenter</u>, IP92-C-1376-B/F, application to proceed in forma pauperis denied and case dismissed with prejudice on October 9, 1992;

>(3) <u>Aaron Isby v. Fredrick R. Spencer</u>, IP93-C-1702-T/F, request to proceed in forma pauperis denied, cause dismissed with prejudice on December 21, 1993;

>(4) <u>Aaron Isby v. Susan K. Carpenter, *et al.*</u>, IP95-C-0005-D/F, leave to proceed in forma pauperis denied and case dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) on January 6, 1995;

>(5) <u>Aaron Isby v. Craig Hanks, *et al.*</u>, IP97-C-0198-M/S, request to proceed *in forma pauperis* denied and case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on February 14, 1997; and

>(6) <u>Aaron Israel (Isby) v. Edward Cohn, *et al.*</u>, IP97-C-1466-B/S, plaintiff's claims dismissed "as legally insufficient in the sense that they fail to state a claim upon which relief can be granted" on October 8, 1997;

The records of the United States Circuit Court of Appeals for the Seventh Circuit establish that the disposition of three appeals filed by Mr. Israel qualify as "strikes" within the meaning of § 1915(g):

(7) Aaron Isby v. Fredrick R. Spencer, IP93-C-1702-T/F was assigned appellate docket number 94-1052. The United States Court of Appeals for the Seventh Circuit affirmed the judgment of the district court denying the plaintiff's request to proceed in forma pauperis and dismissing the case with prejudice;

(8) Aaron Isby v. Susan K. Carpenter, *et al.*, IP95-C-0005-D/F was assigned appellate docket number 95-1512. The United States Court of Appeals for the Seventh Circuit summarily affirmed the judgment of the district court denying the plaintiff leave to proceed in forma pauperis and dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(d); and

(9) Aaron Israel v. Edward Cohn, 3:00-cv-153 was assigned appellate docket number 00-2105. On March 27, 2001, the United States District Court of Appeals for the Seventh Circuit affirmed the decision of the district court dismissing the complaint for failure to state a claim upon which relief can be granted.

Mr. Israel has nine "strikes" within the meaning of 1915(g). According to the Seventh Circuit, an inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). This case does not meet the standard of imminent danger of serious physical injury. Accordingly, § 1915(g) mandates that the court deny Mr. Israel

3

leave to proceed *in forma pauperis*. Mr. Israel may still proceed with this appeal, but to do so he must pay the full amount of the filing and docketing fees.

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to proceed *in forma pauperis* (docket # 2); affords the plaintiff to and including June 24, 2005, within which to pay the $250.00 filing fee; and advises him that if he does not pay the filing fee by that date, this complaint may be dismissed without further notice without affecting his obligation to pay the filing fee.

SO ORDERED.

ENTERED: May 31, 2005

                                           /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court